UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SYDNEY MARIE KEEFE,

        Plaintiff,

v.

BRITT'S BOW WOW BOUTIQUE, INC,
MERRI COLVARD,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, SYDNEY MARIE KEEFE ("Keefe"), brings this action against Defendants, BRITT'S BOW WOW BOUTIQUE, INC ("BBWB") and MERRI COLVARD ("Colvard"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Keefe was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, BBWB was a foreign corporation that regularly transacted business in Broward County, Florida.

4. Colvard is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of BBWB, ran the day-to-day operations and had operational control over BBWB, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Keefe.

5. BBWB's business involves pet transportation and caretaking.

6. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

7. Upon information and belief, BBWB's gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. BBWB was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. At all times material hereto, Keefe engaged in interstate communication on a regular and recurring basis including but not limited to text messages, phone calls, and emails with Colvard, pet shippers, and customers in Michigan, Puerto Rico, and other places several times per week.

10. At all times material hereto, Keefe engaged in interestate shipping on a regular and recurring basis including pets internationally to London, Amsterdam, and other places.

11. Keefe engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

12. Keefe worked for Defendants as a pet transporter and animal caretaker.

13. Defendants failed to pay Keefe's full and proper overtime wages.

14. Defendants knowingly and willfully refused to pay Keefe's legally-entitled wages.

15. Attached as **Exhibit A** is a preliminary calculation of Keefe's claims. These amounts may change as Keefe engages in the discovery process.

16. Keefe retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>
## <u>AGAINST ALL DEFENDANTS</u>

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791