UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62138-DIMITROULEAS/AUGUSTIN-BIRCH

SYDNEY MARIE KEEFE,

    Plaintiff,

v.

BRITT'S BOW WOW BOUTIQUE, INC.
and MERRI COLVARD,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**

This cause comes before the Court on Defendants Britt's Bow Wow Boutique, Inc. and Merri Colvard's Motion for Discovery Sanctions. DE 47. Plaintiff Sydney Marie Keefe filed a Responsive Memorandum, and Defendants filed a Reply Memorandum. DE 48; DE 49. The Court held a hearing on the Motion for Discovery Sanctions on August 22, 2023, via video teleconference. The Court has carefully considered the parties' briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. As set forth below, Defendants' Motion for Discovery Sanctions is **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

Plaintiff pled one count against Defendants for violation of the Fair Labor Standards Act for allegedly failing to pay her full overtime pay. DE 1. The Honorable Judge William P. Dimitrouleas set this case for the two-week trial calendar beginning September 25, 2023, with a

May 31 discovery deadline, and referred to the undersigned all pretrial discovery disputes, including motions for discovery sanctions.  DE 17.

This Court previously scheduled a discovery hearing for August 11 at Defendants' request.  DE 36.  Defendants asserted that they had served four interrogatories and four requests for production of documents on Plaintiff on April 10, given her multiple courtesy extensions to respond to the discovery, and made numerous efforts to confer with her counsel to obtain responses.  Nevertheless, Plaintiff had not responded to the discovery, and Defendants therefore sought a court order compelling her to respond.  DE 38.  Responding to the discovery dispute, Plaintiff maintained that Defendants had not brought the dispute before the Court in a timely manner and that Defendants' responses to her own discovery requests were deficient.  DE 41.

The Court canceled the August 11 discovery hearing, determining that a hearing was unnecessary to resolve the discovery dispute, and granted Defendants' Motion to Compel.  On July 17, the Court ordered Plaintiff to "serve responses to Defendants' interrogatories and requests for production of documents by July 28, 2023, and . . . file a Notice of Compliance by that date."  DE 44 (emphasis omitted).  On July 28, Plaintiff's counsel filed a Notice of Compliance stating "that today Plaintiff served her responses to Defendants' interrogatories and requests for production of documents."  DE 45.

In the Motion for Discovery Sanctions now before the Court, Defendants contend that Plaintiff did not comply with the Court's July 17 Order requiring her to serve responses to their discovery requests by July 28 because she served unverified responses to the interrogatories.  DE 47 at 1.  Defendants further contend that Plaintiff's responses to four requests for production and to one interrogatory are deficient.  *Id.* at 1-3.  Defendants seek (1) dismissal of this case;

2

(2) that Plaintiff be prohibited from offering any evidence at trial that she worked overtime; and/or

(3) that she be held in contempt for failing to comply with the Court's July 17 Order. *Id.* at 3.

In her Response, Plaintiff addresses the lack of verified interrogatory responses by stating: "Plaintiff moved to another state. Plaintiff's counsel is working to obtain Plaintiff's verified interrogatory responses and will promptly forward them to Defendants' counsel upon receipt." DE 48 at 2. As for the substance of her discovery responses, Plaintiff states that she has produced all of the evidence she has to support her claim to overtime pay. *Id.* at 2-4.

## II.  DISCOVERY SANCTIONS STANDARDS

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). A district court "has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction." *Id.*; *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th

3

Cir. 1993) ("Dismissal with prejudice is the most severe Rule 37 sanction and is not favored."); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (stating that "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders"). Dismissal is not an abuse of discretion if "a party demonstrates a flagrant disregard for the court and the discovery process" and exhibits "willfulness, bad faith or disregard of responsibilities." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982). However, dismissal is an abuse of discretion if a party's violation of court order is due to negligence, misunderstanding, or inability to comply. *Malautea*, 987 F.2d at 1542.

"Magistrate judges have jurisdiction to enter sanctions orders when the result does not strike claims, completely preclude defenses, or generate litigation-ending consequences." *Taverna Imps., Inc. v. A & M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 3611405, at *10 (S.D. Fla. July 27, 2018). "To determine whether a sanction is dispositive or non-dispositive, the critical factor is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions." *Id.*

### III. ANALYSIS

Interrogatories must be signed under oath by the party who answers them. Fed. R. Civ. P. 33(b)(3), (5). Plaintiff did not fully comply with the Court's July 17 Order by serving complete interrogatory responses that were signed under oath by the July 28 deadline. *See* DE 47-6. The Court finds Plaintiff is in contempt of court for her failure to comply with the July 17 Order.

Further, Plaintiff's counsel filed a Notice of Compliance that he had served Plaintiff's interrogatory responses. DE 45. Counsel did not explain in the Notice of Compliance that the interrogatory responses were unsigned, instead leading the Court to believe that the responses were

4

complete when they were not.  Counsel's Notice of Compliance was disingenuous.  Counsel, as a frequent litigator in federal court, should be fully aware of Rule 33's requirement that interrogatory responses be signed under oath.

Approximately half an hour before the August 22 sanctions hearing, Plaintiff's counsel filed discovery responses showing that Plaintiff now has signed her interrogatory responses under oath.  *See* DE 50; DE 51.  Plaintiff's counsel stated during the hearing that he served Defendants with these discovery responses on the night of August 21.  Although Plaintiff, at the last minute before the sanctions hearing, remedied the lack of a signature, that does not obviate the fact that she did not comply with the Court's July 17 Order and that her counsel's Notice of Compliance was disingenuous.

Plaintiff's counsel asserted that the lateness of his client's signature is due to the fact that she lives in a different state and constantly is working to make a living, making obtaining her signature difficult.  The Court does not consider obtaining a simple signature for discovery that was served in April to be onerous, especially given the availability of technological means to assist with that task.  Plaintiff has chosen to prosecute this case and is responsible for signing necessary court documents and complying with the other Rules of Civil Procedure.  Further, the Court questions the sincerity of counsel's assertion that Plaintiff only just recently, on the eve of a sanctions hearing, had the time and means to sign the interrogatories.  The Court addresses the sanction for Plaintiff's and counsel's conduct below.

As for the merits of Plaintiff's discovery responses, Defendants argue that her responses to request for production #'s 1, 2, 3, and 4 and to interrogatory # 4 are deficient.  Request for production #'s 1, 3, and 4 respectively seek any documents where Plaintiff asked Defendants to pay unpaid overtime, any documents supporting her assertion that she worked on average 74 hours

5

per week for 71 weeks, and any communications to Defendants claiming she was not paid for overtime work. DE 47-2 at 3. Defendants assert that the documents Plaintiff produced in response to request for production #'s 1, 3, and 4 do not actually support a proposition that she is owed overtime pay or a proposition that she asked Defendants for additional overtime pay. Plaintiff states in return that these requests are broadly worded and that she has produced all of the documents she has that may be responsive to the requests. Defendants may contend at a different stage of this litigation that Plaintiff does not have evidence that she is owed overtime pay and/or that she asked Defendants for additional overtime pay. The parties may dispute at a different stage of this litigation how one should interpret or evaluate the documents that Plaintiff produced in response to these requests. However, these are not matters for this Court to resolve on a discovery motion.[1] The Court considers Plaintiff's productions in response to request for production #'s 1, 3, and 4 to be adequate even if, as Defendants maintain, those productions are not supportive of her case.

Request for production # 2 seeks any time records Plaintiff submitted to Defendants for overtime work for which she was not fully paid. *Id.* She responded that Defendants prohibited her from reporting the hours she worked. Plaintiff's response that she has no time records to produce because Defendants prohibited her from keeping them is adequate.

Interrogatory # 4 asks Plaintiff to identify each pay period for which she contends she is owed overtime pay, the amount of overtime pay claimed for each pay period, and the documents supporting her response. Plaintiff responded that she estimates she worked on average 74 hours per week from March 2, 2021 through June 26, 2022, provided documents purportedly reflecting

---

[1] During the sanctions hearing, Defendants requested leave to move for summary judgment despite the fact that the deadline to file substantive pretrial motions passed on June 30. As the Court explained to the parties during the hearing, any request to extend Judge Dimitrouleas' motions deadline must be submitted to Judge Dimitrouleas.

the pay she received during that time, and stated that she is owed overtime pay of the difference between the pay for the 34 hours of overtime she estimates she worked per week and any overtime pay those documents reflect she received. Plaintiff objected to needing to itemize the overtime pay she is owed for each pay period and objected to performing the actual calculations as to what she is owed, asserting that she does not know how to do that math. DE 47-6 at 3-5. Defendants argue that Plaintiff's response is deficient because she has the burden of proof and must prove her claim with exactness rather than estimates. Defendants may contend at a different stage of this litigation that Plaintiff cannot prove with sufficient specificity the overtime pay she is owed. However, that is not a matter for this Court to resolve on a discovery motion. The Court considers Plaintiff's response to interrogatory # 4 to be adequate.

The Court now turns to the appropriate sanction for failing to serve interrogatory responses that were signed under oath by the Court's July 28 deadline. Dismissal of case—the severest sanction available under Rule 37—is a disproportionate consequence for this conduct. Further, the sanction that Defendants seek in the alternative, prohibiting Plaintiff from offering any evidence at trial that she worked overtime, would be tantamount to a dismissal because her only claim in this case is that she worked overtime for which she was not paid.

Instead, the Court awards to Defendants the reasonable attorney's fees and costs incurred to pursue discovery sanctions. Plaintiff and Plaintiff's counsel must pay these attorney's fees and costs in equal amounts. By **August 29, 2023**, Defendants' counsel must file an affidavit setting forth the attorney's fees and costs incurred to pursue discovery sanctions. Counsel must attach to the affidavit any billing records or receipts supporting the amounts being sought. The Court will then review the submission to determine the amount of the award. Plaintiff may not file a response to the submission absent permission from the Court.

For the foregoing reasons, Defendants' Motion for Discovery Sanctions [DE 47] is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 22nd day of August, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE