UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62138-DIMITROULEAS/AUGUSTIN-BIRCH

SYDNEY MARIE KEEFE,

    Plaintiff,

v.

BRITT'S BOW WOW BOUTIQUE, INC.
and MERRI COLVARD,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' AMENDED MOTION *IN
LIMINE* AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

This cause comes before the Court on Defendants Britt's Bow Wow Boutique, Inc. and Merri Colvard's Amended Motion *in Limine* to Preclude Undisclosed Evidence at Trial and on Plaintiff Sydney Marie Keefe's Motion for Sanctions, which she included within her Response to Defendants' Amended Motion *in Limine*. DE 76; DE 79. Defendants responded to the Motion for Sanctions. DE 80. The Motions are before the Undersigned by way of referral from the Honorable William P. Dimitrouleas, United States District Judge. DE 77. The Court has carefully considered the parties' briefing and the record and is otherwise fully advised in the premises. As set forth below, Defendants' Amended Motion *in Limine* is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's Motion for Sanctions is **DENIED**.[1]

---

[1] This Court has the authority to rule on the Motions by Order rather than by Report and Recommendation. *See Bluestarexpo, Inc. v. Enis*, No. 21-20875-CIV, 2022 WL 16835934, at *1 (S.D. Fla. Nov. 9, 2022) (explaining that a Magistrate Judge has the authority to rule on a motion *in limine* via order because the admissibility of evidence at trial is a non-dispositive matter); *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 683 n.2 (S.D. Fla. 2012) (explaining that a Magistrate Judge has the authority to enter a sanctions order that does not impose a dispositive sanction).

Addressing Plaintiff's Motion for Sanctions first, she seeks sanctions in the form of attorney's fees and the denial of the Amended Motion *in Limine* for Defendants' purported failure to comply with Local Rule 7.1(a)(3) and misrepresentation to the Court. *See* Southern District of Florida Local Rule 7.1(a)(3) (requiring pre-filing conferral for motions with limited exceptions and stating that failure to comply may result in sanctions). The Court denied without prejudice Defendants' original Motion *in Limine* for failure to comply with Local Rule 7.1(a)(3). DE 72; DE 75. In their Amended Motion *in Limine*, Defendants state that they attempted to confer with Plaintiff by email on September 5 and 7, 2023, but were unable to do so. DE 76 at 2. Plaintiff contends that this statement is a misrepresentation because Defendants in fact never attempted to confer about the issues raised in the Motion *in Limine* or Amended Motion *in Limine*, and thus she seeks sanctions.

In responding to the Motion for Sanctions, Defendants state that they attempted to confer with Plaintiff concerning the preparation of a joint pretrial stipulation, which naturally would have included conferral about any motions *in limine*, but Plaintiff refused to participate in the preparation of a joint pretrial statement. What is clear to the Court is that there has been a breakdown in communication between the parties in various respects in this case, including with respect to preparing to begin trial. Sanctions are not warranted for either party under these circumstances.[2]

Further, even if Plaintiff were correct that Defendants did not attempt to confer about the issues raised in the Motion *in Limine* or Amended Motion *in Limine*, violating Local Rule 7.1(a)(3), Plaintiff's Motion for Sanctions likewise contains no certification of conferral, in

---

[2] Defendants' Response to the Motion for Sanctions in turn includes a request for sanctions against Plaintiff. A party may not seek affirmative relief in a response to a motion. *Peklun v. Tierra Del Mar Condo. Ass'n*, No. 15-CIV-80801, 2015 WL 8029840, at *16 (S.D. Fla. Dec. 7, 2015). In any event, neither party is awarded sanctions in this situation.

violation of the same Local Rule. It is not appropriate or just to award Plaintiff with sanctions when she herself has engaged in sanctionable behavior. Her Motion for Sanctions is denied.

Turning to Defendants' Amended Motion *in Limine*, they seek to preclude Plaintiff from introducing at trial evidence of (1) any specific pay period she contends she worked overtime hours, (2) any specific number of hours she contends she worked overtime for any pay period, and (3) the amount of overtime pay she contends she is owed for any pay period. Defendants argue that they asked Plaintiff to provide this information in response to their interrogatory #4 and that she declined to do so, instead merely providing an estimation that she worked on average 74 hours per week, meaning that she worked on average 34 hours of overtime per week. *See* DE 76-2 at 3-5. Defendants assert that, because Plaintiff only provided an estimation rather than specifics, her evidence at trial should be limited to that estimation.

A party who fails to provide information asked for during discovery is not allowed to use that information to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The non-disclosing party bears the burden of establishing that the failure to disclose information was substantially justified or is harmless. *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1326 (S.D. Fla. 2016).

Taking first Defendants' assertion that Plaintiff failed to disclose any specific pay period she contends she worked overtime hours, she did disclose the range of time during which she maintains she worked overtime hours. Plaintiff stated in response to interrogatory #4 that she "estimates that she worked an average of 74 hours per week during the period of March 2, 2021 through June 26, 2022." DE 76-2 at 4. Thus, Defendants were put on notice that Plaintiff contends she worked overtime hours for every pay period between March 2, 2021 and June 26, 2022. No evidence should be excluded based on a purported failure to identify the pay periods at issue.

3

Second, the Court agrees with Defendants' assertion that Plaintiff failed to disclose any specific number of hours she contends she worked overtime for any pay period. In response to interrogatory #4, Plaintiff stated only that she "estimates that she worked an average of 74 hours per week," meaning that she is owed overtime pay of the difference between pay for the 34 hours of overtime she estimates she worked each week and any overtime pay she received. Plaintiff's response also cited to records that would reflect any overtime pay she received. *Id.* at 4-5. She did not provide a more specific number of overtime hours she maintains she worked for any particular week, instead objecting that she did not have to do so and resting on her estimation and average.

Having failed to provide specifics during discovery, Plaintiff should not be permitted to surprise Defendants by doing so at trial.[3] She does not contend in responding to the Amended Motion *in Limine* that her failure either was substantially justified or is harmless, and therefore she has not satisfied her burden to make such a showing. *See Torres*, 244 F. Supp. 3d at 1326. Consequently, Plaintiff is precluded from introducing at trial evidence of any specific number of hours she worked overtime for any week or pay period. She instead may introduce evidence that she worked an average of 74 hours per week and an average of 34 hours of overtime per week from March 2, 2021 to June 26, 2022.

Finally, Defendants seek to preclude Plaintiff from introducing evidence of the amount of overtime pay she contends she is owed for any pay period. In responding to interrogatory #4, Plaintiff stated she is owed overtime pay of the difference between pay for the average 34 hours

---

[3] Plaintiff's Response to the Amended Motion *in Limine* indicates that she intends to rely on her estimation and average at trial rather than present evidence of a specific number of overtime hours worked for particular weeks. DE 79 at 4 ("Plaintiff is permitted to present *an estimate* of the hours she worked where Defendants failed to maintain accurate time records. Plaintiff is permitted to present the evidence in this case in support of her claim *and estimation*." (emphasis added) (citations omitted)). The Court suspects that the parties could have resolved this issue without the Court's intervention had they meaningfully conferred in good faith.

4

of overtime worked per week and the overtime pay she received, and she cited records that would reflect any overtime pay she received. DE 76-2 at 4-5. Although Plaintiff did not actually calculate the amounts she is owed for the weeks at issue, this Court previously found her response to interrogatory #4 adequate despite the absence of such calculations. *See* DE 53 at 7. Plaintiff's response provided Defendants the information with which they could calculate the average overtime pay she maintains she is owed per week (her hourly overtime wage multiplied by 34 hours minus the overtime pay that her cited records reflect she received for a given week). No evidence should be excluded based on Plaintiff's failure to perform the calculations, provided the amount of overtime pay she contends at trial that she is owed is based on an average of 34 hours of overtime worked per week and the records cited in her response to interrogatory #4.

Accordingly, Defendants' Amended Motion *in Limine* to Preclude Undisclosed Evidence at Trial [DE 76] is **GRANTED IN PART AND DENIED IN PART** as detailed above. Plaintiff Sydney Marie Keefe's Motion for Sanctions [DE 79] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 18th day of September, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE