UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62138-DIMITROULEAS/AUGUSTIN-BIRCH

SYDNEY MARIE KEEFE,

    Plaintiff,

v.

BRITT'S BOW WOW BOUTIQUE, INC.
and MERRI COLVARD,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS**

This cause comes before the Court on Defendants Britt's Bow Wow Boutique, Inc. and Merri Colvard's Motion for Sanctions. DE 113. The Honorable William P. Dimitrouleas, Judge of District Court, referred the Motion for Sanctions to the undersigned Magistrate Judge for appropriate disposition or a Report and Recommendation. DE 116. Plaintiff Sydney Marie Keefe filed a Response to the Motion for Sanctions, and Defendants filed a Reply. DE 129; DE 134. The Court has carefully considered the parties' briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Motion for Sanctions is **DENIED**.[1]

Plaintiff filed this action under the Fair Labor Standards Act for unpaid overtime pay. DE 1. The litigation has been acrimonious, to say the least. The case proceeded to a trial that Judge Dimitrouleas presided over, and at the end of the trial the jury awarded Plaintiff $52,000 in

---

[1] The Court has the authority to rule on the Motion for Sanctions by Order and need not issue a Report and Recommendation. *E.g., Taverna Imps., Inc. v. A & M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 3611405, at *10 (S.D. Fla. July 27, 2018) ("Magistrate judges have jurisdiction to enter sanctions orders when the result does not strike claims, completely preclude defenses, or generate litigation-ending consequences.").

damages. DE 101. Judge Dimitrouleas doubled the jury's award to account for liquidated damages and entered final judgment for Plaintiff in the amount of $104,000. DE 105. The case is now in the midst of post-trial motion practice.

In one of those post-trial motions, the Motion for Sanctions, Defendants seek monetary sanctions from Plaintiff and her counsel for violating Judge Dimitrouleas' Trial Order and for conduct immediately before and during the trial. Defendants' Motion for Sanctions raises three grounds for sanctions, which the Court addresses in turn.

1. **Failure to Complete a Pretrial Stipulation.**

Defendants first contend that the Court should impose sanctions because Plaintiff did not comply with the requirement in Judge Dimitrouleas' Trial Order to cooperate with Defendants to have a Pretrial Stipulation filed by September 8. *See* DE 17 at 2-3 (setting a September 8 deadline for the parties to file a jointly prepared Pretrial Stipulation); *see also* Southern District of Florida Local Rule 16.1(e) (listing the required contents of a Pretrial Stipulation). Defendants explain that, instead of cooperating with them to file a Pretrial Stipulation by September 8, on September 7 Plaintiff moved to extend the September 8 deadline. *See* DE 69. When Judge Dimitrouleas denied an extension, Plaintiff gave herself an extension and then filed a unilateral Pretrial Statement[2] on September 21. *See* DE 74; DE 85. Meanwhile, Defendants did their best to comply with the Trial Order and filed a unilateral Pretrial Statement on September 8. *See* DE 71.

The Court concludes that no sanctions are warranted for this violation of the Trial Order for the following reason. The Trial Order stated, "Counsel must meet at least one month prior to the beginning of the trial period to confer on the preparation of a Pretrial Stipulation in accordance with Local Rule 16.1E." DE 17 at 3. The beginning of the trial period for this case was

---

[2] The Court refers to the unilateral filings as Pretrial Statements, whereas the requirement in the Trial Order and under the Local Rule is for the parties to jointly file a Pretrial Stipulation.

September 25, so the meeting about the Pretrial Stipulation should have occurred by around August 25. Based on the record, the earliest there was communication about preparing a Pretrial Stipulation was through a September 5 email from Defendants' counsel to Plaintiff's counsel:

> Hi Elliot:
>
> Pursuant to the Court's scheduling order, we are required to file the joint pretrial stipulation under Local Rule 16.1e by this Friday, September 8th. Do you have a shell of the stipulation with your portions inserted that you want to send to us and we can insert our comments / portions? Probably easier to work from one document since we have to submit it as a joint filing.
>
> Thanks,
>
> Jonathan

DE 70-1 at 3. Defendants do not assert that there was any communication about preparing a Pretrial Stipulation prior to this September 5 email. Plaintiff's counsel responded to the email two days later by stating that Plaintiff would be moving for an extension of the September 8 deadline. *Id.*

The September 5 email was not a meeting as the Trial Order required. Further, the email was not sent at least one month before the beginning of the trial period. The first attempt to confer about a Pretrial Stipulation was merely three days before the Pretrial Stipulation was due. Both Defendants' counsel and Plaintiff's counsel violated the Trial Order with respect to the filing of a Pretrial Stipulation, and the Court finds it highly probable that both parties' violations contributed to the lack of a timely Pretrial Stipulation. Thus, no sanctions are warranted.

2. **Untimely Disclosure of Exhibits.**

As Defendants' second ground for sanctions, they argue that, when Plaintiff filed her Pretrial Statement late on September 21, she included a Trial Exhibit List that disclosed for the first time 131 exhibits totaling over 4,000 pages. *See* DE 85-1. Then Plaintiff amended the Trial Exhibit List on September 24 and added an additional exhibit totaling approximately 2,000 pages.

*See* DE 91-1.  With trial beginning on September 26, Defendants' counsel had a greatly curtailed period of time to review Plaintiff's exhibits and to prepare for trial.

However, Defendants do not contend that Plaintiff's exhibits consisted of documents that were not either wholly or in part disclosed during discovery.  By disclosing documents during discovery, Plaintiff put those documents at issue in the case, and Defendants should have been prepared for them to be exhibits at trial.  In addition, a party's exhibit list normally must be attached to the Pretrial Stipulation.  *See* Southern District of Florida Local Rule 16.1(e)(9).  Plaintiff, by filing her Pretrial Statement late, filed her Trial Exhibit List late.  But as the Court has already discussed above, both parties contributed to the lack of a timely Pretrial Stipulation and, with it, the lack of a timely exchange of exhibit lists.  For these reasons, no sanctions are warranted.

3. **Failure to Use the Late-Disclosed Exhibits.**

As Defendants' third and final ground for sanctions, they assert that, despite disclosing 132 exhibits just before trial, during trial Plaintiff sought to introduce only 4 exhibits.  Defendants state that their counsel wasted valuable time reviewing exhibits that Plaintiff never used, and they maintain that Plaintiff's disclosure of 132 exhibits totaling approximately 6,000 pages was not in good faith and was meant to "hide the ball" and "ambush" them leading up to trial.

Decisions about what evidence to admit are made in the moment during trial.  It is not unusual for parties to list more exhibits out of caution than they ultimately end up admitting.  The Court will not speculate as to Plaintiff's or Plaintiff's counsel's motivation in listing exhibits.  No sanctions are warranted.

Although the Court ultimately determines that an imposition of sanctions is not appropriate, the Court is aware that reasonable minds may disagree with this conclusion.  Certainly, Judge Dimitrouleas—as the author of the violated Trial Order and as the presider at trial—may disagree.

The Court notes that the same issues raised in the Motion for Sanctions (Plaintiff's failure to file a timely Pretrial Stipulation and her late disclosure of exhibits, most of which she never used at trial) are pending before Judge Dimitrouleas as part of Defendants' Renewed Motion for Judgment as a Matter of Law and/or for New Trial or Remittitur.  *See* DE 117 at 14-16.

For the foregoing reasons, Defendants' Motion for Sanctions [DE 113] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 6th day of November, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE