# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:22-CV-62138-DIMITROULEAS/AUGUSTIN-BIRCH

**SYDNEY MARIE KEEFE,**

　　**Plaintiff,**

v.

**BRITT'S BOW WOW BOUTIQUE, INC.**
**and MERRI COLVARD,**

　　**Defendants.**

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR COSTS AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation on Plaintiff's Motion for Costs and Plaintiff's Motion for Attorney's Fees. DE 132; DE 146.  The Motion for Costs is fully briefed at docket entries 130, 142, and 144.  The Motion for Attorney's Fees is fully briefed at docket entries 145, 148, and 152.  The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises.  For the reasons set forth below, the Court recommends that the Motion for Costs be **GRANTED IN PART AND DENIED IN PART** and that the Motion for Attorney's Fees be **GRANTED IN PART AND DENIED IN PART**.

## I.　　Background

In November of 2022, Plaintiff Sydney Marie Keefe commenced this case under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages.  DE 1.  Defendants Britt's Bow Wow Boutique, Inc. and Marri Colvard raised counterclaims of fraud, conversion, and unjust

enrichment.  DE 6.  The case proceeded through discovery and various pretrial motions.  Judge Dimitrouleas presided over a four-day jury trial in September of 2023.  The jury returned a verdict for Plaintiff, awarding her $52,000 in damages and awarding Defendants nothing on their counterclaims.  DE 101.  Judge Dimitrouleas entered final judgment for Plaintiff in the amount of $104,000, doubling the jury's award to account for liquidated damages.  DE 105.  Plaintiff thereafter filed the Motion for Costs and Motion for Attorney's Fees.

## II.    Plaintiff's Motion for Costs

Plaintiff seeks an award of $20,285.32 in costs consisting of the $402 court filing fee, $129 for service of process fees, and $19,754.32 for copying costs.  DE 130.  Defendants contend that the Motion for Costs should be denied because Plaintiff failed to confer with them before filing it.  DE 142 at 1–3; *see* Southern District of Florida Local Rule 7.3(c) ("Prior to filing [a] bill of costs, the moving party shall confer with affected parties . . . in a good faith effort to resolve the items of costs being sought.").  Plaintiff has produced an email from her counsel to Defendants' counsel asking their counsel to "let me know if you oppose Plaintiff's Bill of Costs," to which their counsel responded by email, "We oppose your bill of costs."  DE 143-1 at 1.  Defendants have not cited authority indicating that additional conferral was required after they expressed their outright opposition.  Thus, the Court recommends that the Motion for Costs not be denied for failure to confer.

If the Motion for Costs is not denied for failure to confer, Defendants do not challenge an award of the court filing fee or the service of process fees.  DE 142 at 1.  However, they maintain that the Court should deny Plaintiff an award of copying costs.  *Id.*

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54

"creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). A court "must have and state a sound basis" for denying the full amount of costs that the prevailing party incurred because "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (alteration and quotation marks omitted).

Defendants do not dispute that no statute, rule, or court order precludes Plaintiff from recovering her costs. The FLSA expressly provides for a plaintiff to recover costs. 29 U.S.C. § 216(b) ("The court in [an action under the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Defendants also do not dispute that Plaintiff is the prevailing party in this case. Judge Dimitrouleas' entry of final judgment in favor of Plaintiff and against Defendants demonstrates that she is the prevailing party. *See* DE 105.

Court filing fees are compensable as part of a costs award. 28 U.S.C. § 1920(1) (permitting a court to tax the fees paid to the clerk of court). Service of process fees paid to a private process server are compensable as long as the amount does not exceed the cost of United States marshal service, which is $65 per hour for each item served. *Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-22998-CV, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019) (citing 28 C.F.R. § 0.114). Here, two Defendants were served and, for one Defendant, service was attempted at two addresses.

DE 130-1.  The Court recommends awarding Plaintiff $402 for the court filing fee and $129 for service of process fees.

Copying costs are compensable "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  When "evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).  It is not a prerequisite that the party actually have used the copy for the court to find that copying was necessary. *Id.*

Defendants maintain that Plaintiff should not be awarded any copying costs because she has not substantiated those costs with anything other than a chart that her counsel created.  DE 142 at 1, 4–5; *see* DE 130-2.  Judges within the Southern District of Florida have accepted charts such as the one produced here as sufficient substantiation for an award of in-house copying costs. *E.g., Aguilera v. JM Cell LLC*, No. 21-62398-CIV, 2022 WL 19228648, at *3 (S.D. Fla. May 18, 2022) (rejecting the defendants' argument that the in-house copying costs needed further substantiation); *Walker v. Grampa's Real Est. Inc.*, No. 0:20-CV-61557, 2022 WL 1157423, at *2 (S.D. Fla. Apr. 2, 2022), *report and recommendation adopted*, 2022 WL 1154764 (S.D. Fla. Apr. 19, 2022).

Defendants cite three cases to support their argument that counsel's chart is insufficient. DE 142 at 4.  Those three cases are distinguishable because each case involved a request for copying costs that had no substantiation or explanation. *See Jones v. Globe Specialty Metal, Inc.*, No. 2:18-CV-262, 2020 WL 13738554, at *3 (S.D. Ala. Jan. 2, 2020) ("Defendant neither cites to any other receipts nor does it attach an affidavit to support its cost.  Therefore, Defendant's cost for fees and disbursements for printing are denied." (citation omitted)); *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV, 2010 WL 3385388, at *7 (S.D. Fla. July 30, 2010) ("The

4

defendants failed to provide sufficient evidence or explanation for the in-house duplicating costs."), *report and recommendation adopted*, 2010 WL 3367914 (S.D. Fla. Aug. 24, 2010); *Johnson v. Mortham*, 173 F.R.D. 313, 319 (N.D. Fla. 1997) ("There is absolutely no breakdown of the nature of the copies or their use or intended use at trial which would allow the court to determine whether the copies in question were reasonably necessary for trial." (quotation marks omitted)). Defendants have not pointed to a case where a court rejected a chart such as what Plaintiff has produced to substantiate her copying costs.

Plaintiff seeks copying costs at a rate of $0.15 per page for black-and-white copying and at a rate of $0.59 per page for color copying. Judges within the Southern District of Florida have approved both rates. *E.g., Banta Props., Inc. v. Arch Specialty Ins. Co.*, No. 10-61485-CIV, 2014 WL 11517849, at *1 (S.D. Fla. Sept. 2, 2014) (stating that "there is no error in awarding between $.59 and $1.00 per page for color copies"); *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988) (finding $0.15 per page a reasonable copying rate for the purpose of a costs award).

The copied pages consist of three categories of documents. As the first category of documents, included in the copied pages are duplicate copies of Plaintiff's and Defendants' discovery responses, some in color and some in black and white, for "use by Plaintiff's counsel during litigation including trial" and "preparing trial." DE 130-2 at 1. Plaintiff seeks an award of $10,918.88 for 18,520 pages. As the copies were used only by her counsel, she had the burden to demonstrate why the copies were necessary and their cost is taxable. *See Monelus*, 609 F. Supp. 2d at 1333 ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party."). Plaintiff has not explained why her counsel needed two sets of the parties' discovery responses for his own use. The Court recommends

5

awarding Plaintiff the copying costs for one set of the parties' discovery responses. That award would be $5,459.44 for 9,260 pages.

Defendants assert that Plaintiff's counsel should not have needed paper copies of any discovery responses because "all documents in the case were produced by the parties electronically." DE 142 at 2, 5. A Judge within the Southern District of Florida previously rejected an argument that copying discovery responses was unnecessary if the documents were electronically produced. *Aguilera*, 2022 WL 19228648, at *2 ("Defendants served Plaintiff with over 200 discovery requests that required her to review and identify thousands of responsive documents. The Court is not aware of any authority stating that Plaintiff must conduct her internal document review electronically."). Similarly, Defendants have cited no authority indicating that copying costs are not taxable if documents were electronically produced.

As the second category of documents, included in the copied pages are duplicate copies of Defendants' trial exhibits, some in color and some in black and white, for "use by Plaintiff's counsel during litigation including trial" and "preparing trial." DE 130-2 at 1–6. Plaintiff seeks an award of $165.56 for 300 pages. The copies were used only by her counsel, and she has not explained why her counsel needed two sets of Defendants' trial exhibits for his own use. The Court recommends awarding Plaintiff the copying costs for one set of Defendants' trial exhibits. That award would be $82.78 for 150 pages.

As the third category of documents, included in the copied pages are four sets of Plaintiff's trial exhibits, some in color and some in black and white, for trial notebooks for Plaintiff, Plaintiff's counsel, witnesses, and the Court to use during the trial. *Id.* at 6–32. Plaintiff seeks an award of $8,669.88 for 14,996 pages. It was necessary for Plaintiff's counsel, witnesses, and the Court to have had copies of Plaintiff's trial exhibits for their reference during the trial. Plaintiff has not

explained why she herself needed an exhibit notebook and why she could not utilize her counsel's notebook to view exhibits. The Court recommends awarding Plaintiff the copying costs of three sets of her trial exhibits. That award would be $6,502.41 for 11,247 pages. The total award for copying costs for all three categories of documents would be $12,044.63.

Defendants argue that Plaintiff used only four of her exhibits during the trial. DE 142 at 2, 5. The Court previously recognized, "Decisions about what evidence to admit are made in the moment during trial. It is not unusual for parties to list more exhibits out of caution than they ultimately end up admitting." DE 138 at 4. The Court refused to "speculate as to Plaintiff's or Plaintiff's counsel's motivation in listing exhibits." *Id.* Similarly, the Court will not speculate as to which exhibits Plaintiff intended to admit. Plaintiff needed to be prepared to admit the exhibits she listed, including having copies to admit and for the Court's and witnesses' reference.

In conclusion, the Court recommends that the Motion for Costs be granted in part and denied in part and that Plaintiff be awarded $12,575.63 in costs consisting of the $402 court filing fee, $129 for service of process fees, and $12,044.63 for copying costs.

### III.    Plaintiff's Motion for Attorney's Fees

Plaintiff seeks an award of $119,800 in attorney's fees consisting of 299.5 hours worked at a rate of $400 per hour. DE 145. Defendants challenge both the reasonableness of Plaintiff's counsel's hourly rate and the reasonableness of the number of hours billed. DE 148.

The FLSA expressly provides for a plaintiff to recover reasonable attorney's fees. 29 U.S.C. § 216(b) ("The court in [an action under the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Reasonable attorney's fees are calculated by determining the lodestar, which is the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment." *Id.* at 1303 (quotation omitted). The fee applicant bears the burden of documenting appropriate hours and hourly rates. *Id.*

Defendants contend that the Motion for Attorney's Fees should be denied for failure to comply with Local Rule 7.3 for several reasons. DE 148 at 1–3; *see* Southern District of Florida Local Rule 7.3(a), (b) (providing requirements for motions for attorney's fees). Local Rule 7.3(b) requires a party who anticipates moving for attorney's fees to send the opposing party "a draft motion" before filing it and further requires the parties to "confer and attempt in good faith to agree on entitlement to and the amount of fees." Defendants acknowledge that Plaintiff sent them a draft motion, but they assert that Plaintiff added three pages to the draft before filing her Motion for Attorney's Fees. DE 148 at 2. But Local Rule 7.3(b) requires the exchange of "a draft motion." The Rule does not require the exchange of a finalized motion or mandate that no changes be made to the draft before filing the motion.

Defendants assert that Plaintiff did not engage in a good-faith effort to resolve the issues presented in the Motion for Attorney's Fees because, after they responded to her draft with their objections, her counsel refused to discuss those objections and instead simply filed the Motion for Attorney's Fees. DE 148 at 2. Plaintiff responds that Defendants' counsel flatly refused to consider any award of attorney's fees. DE 153 at 1–3. Rather than engage in a dispute over whether the parties conferred in good faith, the Court will proceed to evaluate the Motion for Attorney's Fees on its merits.

Local Rule 7.3(a) requires that a motion for attorney's fees "disclose the terms of any applicable fee agreement." Defendants contend that the Motion for Attorney's Fees is deficient

because Plaintiff "failed to attach the fee agreement." DE 148 at 3. Local Rule 7.3(a) does not require attaching the fee agreement. Plaintiff complied with the Rule by disclosing in the Motion for Attorney's Fees that "the terms of the applicable fee agreement between Plaintiff and her counsel are that Plaintiff's counsel shall be reimbursed for all costs plus attorney's fees at the rate of $400 per hour." DE 145 at 2. The Court recommends that the Motion for Attorney's Fees not be denied for failure to comply with Local Rule 7.3(a), (b).

### A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant has the burden to produce satisfactory evidence that the requested hourly rate is in line with prevailing market rates. *Id.*

Several Judges within the Southern District of Florida have concluded that $375 is a reasonable hourly rate for Plaintiff's counsel, Attorney Elliot Kozolchyk. *E.g., Santiago v. Peacock's 17, LLC*, No. 22-CV-62272, 2004 WL 580358, at *1 (S.D. Fla. Feb. 13, 2024) (agreeing that "a reasonable hourly rate for Plaintiff's counsel's work in this case is $375 per hour"); *Slutsky v. Plotkin*, No. 23-CV-61416, 2023 WL 9183689, at *1 (S.D. Fla. Dec. 21, 2023) ("Although Plaintiff's counsel's billing records show that the Plaintiff seeks to bill his services at a rate of $400 per hour, the Court concludes that an award of $375 per hour is reasonable and appropriate."); *Cauzo v. Guarnera*, No. 20-CV-60396, 2023 WL 246833, at *1 (S.D. Fla. Jan. 18, 2023) ("Despite Plaintiff's argument that $400 is a reasonable hourly rate, our precedent indicates that $375 is the recognized reasonable hourly rate for Plaintiff's attorney in this case."); *Walker v. Grampa's Real Est. Inc.*, No. 0:20-cv-61557, 2022 WL 2788498, at *1 (S.D. Fla. July 15, 2022) ("The Court agrees with Judge Strauss that $375 per hour is a reasonable hourly rate for Plaintiffs' counsel in

this matter.  As Judge Strauss pointed out in the Report, other judges in this district who have considered Mr. Kozolchyk's reasonable hourly rate over the last few years have overwhelmingly found $350 or $375 (and no more) to be reasonable." (quotation marks omitted)).

To support the higher hourly rate of $400, Plaintiff states that her counsel "is the sole shareholder of Koz Law, P.A., has been practicing exclusively in labor and employment law for over 13 years, and has litigated more than 850 federal employment cases."  DE 145 at 6.  Plaintiff points out that, as part of a sanctions award in this case, the Court previously awarded $400 per hour for the work of an attorney admitted to practice *pro hac vice*.  DE 153 at 4; *see* DE 66 at 3. Plaintiff also cites cases within the Southern District of Florida where Judges have found $400 to be a reasonable hourly rate for her counsel.  *E.g., Hanson v. Stepping Stone Staffing LLC*, No. 21-60388-CIV, 2023 WL 2974921, at *2 (S.D. Fla. Mar. 10, 2023) ("[T]here appears to be a recent trend toward awarding Plaintiffs' counsel $400 per hour.  Based on these prior determinations, as well as the particulars of this case and the undersigned's own knowledge of reasonable hourly rates in this community, the Court finds that $400 is indeed a reasonable hourly rate in this instance."); *Rivera v. Am. Med. Network LLC*, No. 20-24440-CIV, 2023 WL 399864, at *4 (S.D. Fla. Jan. 6, 2023) ("Based on the case law cited by the parties, the record of this action and the Court's own knowledge and experience, I find $400.00 to be a reasonable hourly rate for Plaintiff's counsel."), *report and recommendation adopted*, 2023 WL 399711 (S.D. Fla. Jan. 25, 2023); *Aguilera v. JM Cell LLC*, No. 21-62398-CIV, 2022 WL 19228649, at *3 (S.D. Fla. Aug. 31, 2022) ("[T]he Court finds that an hourly rate of $400 is reasonable for Mr. Kozolchyk.").

The Court recommends that $375 is a reasonable hourly rate for Plaintiff's counsel for this case.  In making this recommendation, the Court has considered the caselaw such as that cited above that has addressed the reasonable hourly rate for Plaintiff's counsel.  The Court is persuaded

by the cases that have concluded that $375 per hour is reasonable.  The Court also has considered counsel's qualifications, experience, skill level, and reputation.  The Court has personal knowledge of counsel even outside of this case, as counsel has appeared in front of the Court numerous times.  The Court further has considered this case in particular and whether it may justify a higher hourly rate.  The Court finds that it does not.  Plaintiff provides no explanation showing that the issues in this case were particularly novel or difficult such that they may warrant awarding an hourly rate above $375.   Plaintiff does state that this case was highly contentious and that Defendants consistently refused to offer any amount to resolve it before the trial and instead demanded that it be dismissed.  DE 145 at 4–5; DE 153 at 6.  However, the contentiousness of the case and the lack of a settlement are reflected in the number of hours that counsel billed.  The Court recommends $375 as a reasonable hourly rate.

## B.  Hours Reasonably Expended

In determining the number of hours reasonably expended, a court should exclude excessive, redundant, and unnecessary hours.  *Norman*, 836 F.2d at 1301.  Before delving into particular categories of billing entries that Defendants believe are unreasonable, they maintain that the Court should deny the Motion for Attorney's Fees outright because "Plaintiff's attorney's time records are grossly inflated" and "patently unreasonable on their face."  DE 148 at 3–4.  To support their argument, Defendants cite cases within the Southern District of Florida that settled for payments of $1,000 or less, and the Judges found that the attorney's fees being sought were excessive in light of those modest recoveries and/or that the plaintiffs' counsel had engaged in unnecessary litigation to generate more fees.  *Id.* at 3–4; *see Dorisma v. Park One of Fla., LLC*, No. 19-20919-CIV, 2020 WL 7481487, at *1 (S.D. Fla. Apr. 13, 2020) ("The Undersigned finds that Plaintiff's counsel's actions seem designed to perpetuate the litigation and to improperly

generate attorney's fees, rather than to reach a just, efficient, and timely result for his client. Counsel could have resolved this dispute, if it can even be called a dispute, by placing a telephone call."), *report and recommendation adopted*, 2020 WL 7481480 (S.D. Fla. May 12, 2020); *Little v. Garden of New Beginnings Inc.*, No. 19-80207-CV, 2019 WL 13237031, at *2 (S.D. Fla. Aug. 30, 2019) ("I take into account that the dispute between Plaintiff and Defendant was straightforward, both legally and factually, that there were no substantive motions to which Plaintiff's counsel was required to respond, and that the monetary settlement sought by Plaintiff was relatively small."); *Olguin v. Fla.'s Ultimate Heavy Hauling*, No. 17-61756-CIV, 2019 WL 3426539, at *14 (S.D. Fla. June 5, 2019) ("[Counsel's] actions seem designed to perpetuate the litigation, rather than to reach a just, efficient, and timely result for his client.  In other words, similar to the phrase used by other courts, the Undersigned finds that his conduct was part of a strategy to churn the file and create unnecessary attorney's fees."), *report and recommendation adopted*, 2019 WL 5290856 (S.D. Fla. July 23, 2019); *Nelson v. Kobi Karp Architecture & Interior Design, Inc.*, No. 17-23600-CIV, 2018 WL 3059980, at *1 (S.D. Fla. May 8, 2018) ("Because Plaintiff's counsel . . . unreasonably and unnecessarily dragged this case out in order to increase his fees, Plaintiff's motion for attorney's fees is denied."); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003) ("To ask in good faith for upwards of $16,000 in attorney's fees for prosecuting a case that Plaintiff's counsel knew would involve no more than a modest sum of $316, and to continue to engage in a pattern of behavior aimed at inflating the levels of attorney's fees shocks the conscience of the Court.").

The procedural posture of this case is distinguishable from all of the cases that Defendants cite.  Plaintiff obtained a $104,000 judgment following a jury trial.  Defendants do not contend that they were willing to settle for any amount before the trial and that Plaintiff's counsel proceeded

12

to trial unnecessarily.  According to Plaintiff, she attempted to settle the case short of a trial, while Defendants consistently refused to offer any amount to resolve it and instead demanded that it be dismissed.  DE 145 at 4–5.  Also according to Plaintiff, Defendants made their first and only monetary offer while the jury was deliberating.  *Id.* at 5.  Based on the information before the Court, this does not appear to be a case that could have settled for a minimal amount and that Plaintiff's counsel perpetuated simply to generate fees.  The Court will proceed to evaluate Plaintiff's counsel's billing records and determine the amount of attorney's fees that is reasonable.

### 1.  Document Review

Defendants make various objections that fall under the general category of document review.  First, Defendants object to Plaintiff's counsel's separate billing entries for reviewing text messages, text message threads, and images attached to text messages.  DE 148 at 5–6; *see, e.g.*, DE 145-1 at 1 (billing entry on December 9, 2022, of 0.1 hours to "Review[] Client's text messages . . . consisting of 1 page to produce to Defendants"); DE 145-1 at 2 (billing entry on December 9, 2022, of 0.1 hours to "Review[] 1 image attached to text message thread").  Plaintiff's counsel billed a total of 49.5 hours for such review.  *See* DE 145-1 at 1–12.  Plaintiff maintains that all of the text messages and images her counsel reviewed were relevant and important to her ability to prove her case.  DE 153 at 4–5.

A Judge within the Southern District of Florida recently concluded that it is not reasonable for counsel to bill in separate increments of at least 0.1 hours for reviewing text messages.  *Slutsky*, 2023 WL 9183689, at *1 ("The Court has closely reviewed Plaintiff's counsel's billable hours in this case.  The Court notes that counsel bills .1 hour for his review of every text message in this case, and that his billing records contain many such entries. . . . The Court concludes that a separate billing entry (and .1 hour) for every text message is unreasonable and excessive.").  The Court

agrees with the analysis in *Slutsky* and concludes that the billing entries for counsel's review of text messages and images are unreasonable and excessive. The Court recommends reducing the 49.5 hours that counsel billed for this review to 10 hours.

Defendants object to Plaintiff's counsel's billing entries for reviewing and preparing Plaintiff's trial exhibits and exhibit lists, arguing that Plaintiff used only four of her exhibits during the trial. DE 148 at 8–9. Defendants further contend that many of the exhibits consisted of the same text messages and images that Plaintiff's counsel already had billed to review. *Id.* at 8. Plaintiff's counsel billed 23.6 hours to review and prepare Plaintiff's trial exhibits and billed 1.7 hours to prepare exhibit and amended exhibit lists. *See* DE 145-1 at 13–21. Plaintiff responds that her counsel's review of documents to determine their relevance to the case was separate from her counsel's review and preparation of trial exhibits. DE 153 at 5.

The Court previously recognized, "Decisions about what evidence to admit are made in the moment during trial. It is not unusual for parties to list more exhibits out of caution than they ultimately end up admitting." DE 138 at 4 (refusing to "speculate as to Plaintiff's or Plaintiff's counsel's motivation in listing exhibits"). The Court does not recommend a reduction of the time counsel billed to review and prepare trial exhibits and exhibit lists based on Plaintiff's decision not to admit many of the listed exhibits.

As for Defendants' contention that counsel double-billed to review much of the same material, the Court finds it reasonable that counsel would review material as he received it to evaluate its relevance and the strength of his client's case and then would review the material again as part of trial preparation. The Court does not recommend a reduction of the time counsel billed to review and prepare trial exhibits and exhibit lists.

14

Defendants object to the time that Plaintiff's counsel billed to review their document productions and purported "newly-discovered evidence," asserting that Plaintiff already possessed most of the documents and that her counsel already billed to review them.  DE 148 at 9–10. Plaintiff's counsel billed a total of 26.4 hours for this review.  *See* DE 145-1 at 13, 21.  Plaintiff's only response to this objection is that her counsel's billing entries are not duplicative, redundant, or excessive.  DE 153 at 5.  It is Plaintiff's burden to show that the time her counsel billed is reasonable.  *See Norman*, 836 F.2d at 1303.  Plaintiff has not responded to Defendants' argument that she possessed most of the documents reviewed and has not otherwise explained why billing more than 26 hours for the review was reasonable.  The Court recommends reducing the 26.4 hours that counsel billed for this review to 10 hours.

Defendants object that it was unreasonable for counsel to bill 2.8 hours to review their renewed motion for judgment as a matter of law and/or a new trial or remittitur, as that motion was "substantially similar to the original motion."  DE 148 at 10; *see* DE 117.  Plaintiff points out that Defendants made their original motion for judgment as a matter of law *ore tenus* and that the issues were fully briefed in writing for the first time after the trial.  DE 153 at 6; *see* DE 98 (order memorializing bench ruling on Defendants' original motion for judgment as a matter of law).  The Court does not recommend a reduction of the time counsel billed to review Defendants' renewed motion for judgment as a matter of law.

### 2.  The Motion to Compel and Motion for Sanctions

Defendants object to Plaintiff being awarded fees for hours that her counsel billed to oppose their motion to compel and motion for sanctions.  DE 148 at 6.  Plaintiff argues that the Court did not grant in full the relief that Defendants sought through those motions, such that the time her counsel billed to oppose the motions is reasonable.  DE 153 at 5.

In July 2023, the Court granted Defendants' motion to compel Plaintiff's discovery responses, concluding that Plaintiff had failed to respond to Defendants' discovery requests for several months despite being given extensions as a matter of professional courtesy. DE 44. The Court ordered Plaintiff to respond by a date certain and to file a Notice of Compliance. *Id.* at 4. In August 2023, the Court granted in part Defendants' motion for sanctions, concluding that Plaintiff and her counsel had failed to comply with the Court's prior Order because they served interrogatory responses that were incomplete. DE 53 (denying the motion for sanctions in part because the Court could not conclude that the responses Plaintiff did provide were deficient). The Court ordered Plaintiff and her counsel each to pay Defendants $1,780 in sanctions. DE 66.

It is unreasonable to require Defendants to pay the fees Plaintiff incurred for her counsel to brief and argue these motions, as the need for the motions arose from Plaintiff's failure to respond to Defendants' discovery requests. The Court recommends excluding from the fees award the following time totaling 8.1 hours:

      i.    0.5 hours billed on June 7 and August 2, 2023, to review emails from opposing counsel concerning Plaintiff's discovery responses;

     ii.    2.5 hours billed between July 7 and 28, 2023, for preparation and review of documents relating to Defendants' motion to compel [DE 36–45];

    iii.    0.5 hours billed on August 21, 2023, to communicate with Plaintiff concerning her discovery responses; and

    iv.    4.6 hours billed between August 2 and September 5, 2023, for preparation and review of documents and hearing attendance relating to Defendants' motion for sanctions [DE 46–49, 53, 62, and 66].

### 3. Extensions of Time

Defendants object to Plaintiff being awarded fees for time billed related to Plaintiff's and her counsel's need for extensions of time.  DE 148 at 7.  Plaintiff provides no reason why Defendants should be responsible for these hours billed.

Plaintiff's counsel requested various extensions of time over the course of this case for reasons including counsel's other professional and personal obligations.  It is unreasonable to require Defendants to pay the bills associated with extensions that Plaintiff and her counsel needed. *See Danow v. Law Off. of David E. Borback, P.A.*, 634 F. Supp. 2d 1337, 1344 (S.D. Fla. 2009) (excluding from a fees award fees for time spent preparing motions for extensions of time), *aff'd*, 367 F. App'x 22 (11th Cir. 2010).  The Court recommends excluding from the fees award the following time totaling 2.6 hours:

    a.  0.3 hours billed between January 31 and February 1, 2023, related to a motion for extension of time to respond to Defendants' counterclaims [DE 9 and 10];

    b.  0.9 hours billed between April 3 and 20, 2023, related to motions for extensions of time to file an answer [DE 27–31];

    c.  0.7 hours billed between May 8 and 11, 2023, related to a motion for extension of time to respond to Defendants' discovery requests [DE 33 and 34]; and

    d.  0.7 hours billed between September 7 and 11, 2023, related to a motion for extension of pretrial deadlines [DE 69–70 and 74].

### 4. Defendants' Counterclaims

Defendants object to Plaintiff being awarded fees for hours that her counsel billed to litigate their counterclaims, as Plaintiff has cited no basis for being awarded attorney's fees for prevailing

on claims of fraud, conversion, and unjust enrichment.  DE 148 at 7–9.  Plaintiff provides no reason why Defendants should be responsible for these hours billed.

Under "the American Rule," each party is responsible for its own attorney's fees unless an applicable statute grants a court the authority to direct the losing party to pay attorney's fees, the parties contract that one party will pay attorney's fees, or a court orders one party to pay attorney's fees for acting in bad faith.  *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019).  As Plaintiff gives no reason why she should not pay her own attorney's fees for litigating Defendants' counterclaims, the Court recommends excluding from the fees award the following time totaling 24 hours:

    a.   1.5 hours billed on January 5, 2023, to review the answer with the counterclaims and communicate with Plaintiff about the counterclaims;

    b.   7.9 hours billed between February 5 and March 22, 2023, for communications, review, research, and preparation relating to Plaintiff's motion to dismiss the counterclaims [DE 11, 20, and 24];

    c.   11.9 hours billed between May 1 and 3, 2023, for a meeting, research, and preparation relating to Plaintiff's answer to the counterclaims [DE 32]; and

    d.   2.7 hours billed on September 15, 2023, for research on jury instructions for the counterclaims.

**5.  Plaintiff's Collection Request**

Finally, "Plaintiff requests that the Court, as part of its order, find that Plaintiff will be entitled to [her] reasonable fees and costs" for any collection efforts that are necessary if Defendants do not pay the award of fees and costs.  DE 145 at 7.  Defendants do not respond to this request.

Any relief with respect to collection is premature.  Plaintiff may seek fees and costs for collection should the need arise in the future.  Defendants have been put on notice through the briefing that Plaintiff likely will seek fees and costs for any collection efforts and, being represented by counsel, they are capable of ascertaining the law with respect to the recovery of fees and costs for collection.  The Court recommends that no warning, conclusion, or ruling concerning collection be included at this juncture.

In conclusion, the Court recommends that Plaintiff's Motion for Attorney's Fees be granted in part and denied in part and that Plaintiff be awarded $78,337.50 in attorney's fees.  This award represents 208.9 hours reasonably expended at a reasonable hourly rate of $375.  The 299.5 hours of work reflected in Plaintiff's counsel's billing records has been reduced by 55.9 hours for document review, 8.1 hours related to Defendants' motions to compel and for sanctions, 2.6 hours related to Plaintiff's motions for extensions of time, and 24 hours related to Defendants' counterclaims to reach 208.9 hours.

## IV.   Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Costs [DE 130] be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff's Motion for Attorney's Fees [DE 145] be **GRANTED IN PART AND DENIED IN PART**.  The Court recommends that Plaintiff be awarded $12,044.63 in costs and $78,337.50 in attorney's fees.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

      **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 11th day of March, 2024.

                                          PANAYOTTA AUGUSTIN-BIRCH
                                          UNITED STATES MAGISTRATE JUDGE