UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62138-DIMITROULEAS/AUGUSTIN-BIRCH

SYDNEY MARIE KEEFE,

    Plaintiff,

v.

BRITT'S BOW WOW BOUTIQUE, INC.
and MERRI COLVARD,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR SUPPLEMENTAL COSTS AND
PLAINTIFF'S VERIFIED MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES**

The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or a report and recommendation on Plaintiff's Motion for Supplemental Costs and Plaintiff's Verified Motion for Supplemental Attorney's Fees. DE 178; DE 182. The Motion for Supplemental Costs is briefed at docket entries 177 and 180. The Motion for Supplemental Attorney's Fees is briefed at docket entries 181 and 183. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion for Supplemental Costs be **GRANTED** and that the Motion for Supplemental Attorney's Fees be **GRANTED IN PART AND DENIED IN PART**.

## I.    Background

Plaintiff Sydney Marie Keefe filed this case under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. DE 1. Plaintiff prevailed following a jury trial, obtaining a final

judgment against Defendants Britt's Bow Wow Boutique, Inc. and Merri Colvard in the amount of $104,000.  DE 105.  Judge Dimitrouleas awarded Plaintiff $12,575.63 in costs and $78,337.50 in attorney's fees.  DE 165.  Defendants appealed both the final judgment and the award of costs and attorney's fees.  DE 147; DE 166.  The Eleventh Circuit Court of Appeals affirmed.  DE 174.  Plaintiff thereafter filed the instant Motions seeking supplemental costs and attorney's fees.  DE 177; DE 181.

## II.     Plaintiff's Motion for Supplemental Costs

Plaintiff moves for an award of $383.15 in costs, consisting of $324.90 for copying and $58.25 for mailing.  DE 177.  Defendants state in response that they "do not find it cost effective to file a response and respectfully leave the Court to its discretion to rule on the motion" for costs.  DE 180.

The Court has already ruled that, as the prevailing party at the District Court level, Plaintiff may recover her costs, that copying costs are taxable against Defendants, and that a copying rate of $0.15 per page is reasonable.  DE 163 at 2–7 (Report and Recommendation); DE 165 (Order approving Report and Recommendation).  Having prevailed on appeal, Plaintiff may also recover her appellate costs.  Fed. R. App. P. 39(a)(2) (stating that, "if a judgment is affirmed, costs are taxed against the appellant").  Plaintiff now seeks costs of $324.90 to copy 2,166 pages of briefing and transcripts for the appeal at a rate of $0.15 per page.  DE 177-1.  The Court concludes that these costs are reasonable and notes that Defendants have made no argument to support a contrary conclusion.  The Court recommends awarding Plaintiff $324.90 in copying costs.

Plaintiff further seeks costs of $58.25 to mail briefing to the Eleventh Circuit Court of Appeals.  DE 177-2.  As a prevailing plaintiff in an FLSA case, Plaintiff may recover the "costs of the action."  29 U.S.C. § 216(b).  The Court concludes that the mailing costs are reasonable and

2

again notes that Defendants have made no argument to support a contrary conclusion. The Court recommends awarding Plaintiff $58.25 in mailing costs. The Court recommends that Plaintiff's Motion for Supplemental Costs [DE 177] be granted and that Plaintiff be awarded $383.15 in costs, consisting of $324.90 for copying and $58.25 for mailing.

### III.     Plaintiff's Motion for Supplemental Attorney's Fees

Plaintiff moves for an award of $54,190 in attorney's fees for 130.3 hours of work that Attorney Elliot Kozolchyk performed and 6.9 hours of work that Attorney Dillon Cuthbertson performed. DE 181; DE 181-1. As a prevailing plaintiff in an FLSA case, Plaintiff may recover "a reasonable attorney's fee." 29 U.S.C. § 216(b).

As an initial matter, Defendants contend that Plaintiff's Motion for Supplemental Attorney's Fees is untimely. The Motion seeks fees for work performed both at the District Court level and at the appellate level. *See* DE 181-1. A motion for attorney's fees for work performed at the District Court level must "be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L.R. 7.3(a)(1).

Attorney Kozolchyk performed the District Court level work for which he seeks fees between October 2023 and March 2024. DE 181-1 at 1–2. The work related to an Order entered in November 2023 on a motion to stay enforcement of judgment, an Order entered in November 2023 on a motion for sanctions, an Order entered in November 2023 on a renewed motion for judgment as a matter of law, and an Order entered in March 2024 on motions for fees and costs. *Id.*; DE 128; DE 138; DE 141; DE 165. Plaintiff filed the Motion for Supplemental Attorney's Fees in September 2025, well beyond the 60-day window to move for fees arising from any of these Orders. DE 181. With respect to those fees, Plaintiff's Motion is untimely. The

3

Court recommends that Plaintiff be denied fees for 19.6 hours of work that Attorney Kozolchyk performed from October 24 to November 29, 2023, from December 12 to 20, 2023, on January 3, 2024, and on March 11, 21, and 26, 2024.  *See* DE 181-1 at 1–2.

As for fees for work performed at the appellate level, "*[e]xcept as otherwise provided* herein or *by* statute or *court order*, an application for attorney's fees must be filed with the clerk within 14 days after the time to file a petition for rehearing or rehearing en banc expires." 11th Cir. R. 39-2(a) (emphasis added).  Here, Judge Dimitrouleas entered an Order permitting Plaintiff to move for appellate fees by September 21, 2025, and she filed her Motion for Supplemental Attorney's Fees by that deadline.  DE 175 at 3 (moving for Court to set deadline to move "to recover fees and costs incurred on appeal"); DE 176 (setting September 21 deadline); DE 181 (Motion for Supplemental Attorney's Fees filed September 19, 2025).  As Plaintiff filed her Motion by the deadline provided by Court Order, her Motion is timely with respect to her request for appellate fees.

The Court therefore proceeds to evaluate the reasonableness of the appellate fees. Reasonable attorney's fees are calculated by determining the lodestar, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment." *Id.* at 1303 (quotation omitted).  The fee applicant bears the burden of documenting appropriate hours and hourly rates. *Id.*

### A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

*Id.* at 1299.  The fee applicant has the burden to produce satisfactory evidence that the requested hourly rate is in line with prevailing market rates.  *Id.*

The Court has already ruled in this case that $375 is a reasonable hourly rate for Attorney Kozolchyk.  DE 163 at 10–11 (Report and Recommendation); DE 165 (Order approving Report and Recommendation).  Since issuing the prior Report and Recommendation on fees, the undersigned has continued to rule that $375 is a reasonable hourly rate for Attorney Kozolchyk. *E.g.*, *Allen v. Nat'l Pool Partners Inc.*, No. 0:24-CV-61352, 2025 WL 2144428, at *2 (S.D. Fla. Mar. 10, 2025) ("But the undersigned has concluded that an hourly rate of no more than $375 is reasonable for Attorney Kozolchyk."), *report & recommendation adopted*, 2025 WL 2144678 (S.D. Fla. Mar. 27, 2025); *Leon v. Grass Roots Complete LLC*, No. 0:24-CV-60474, 2025 WL 746846, at *3 (S.D. Fla. Feb. 25, 2025) ("This Court has held that an hourly rate of $375 is reasonable for Attorney Kozolchyk and will continue to utilize that rate as his reasonable hourly rate.").

As she did in her prior request for an award of attorney's fees, Plaintiff cites to cases in the Southern District of Florida where Attorney Kozolchyk was awarded fees at a rate of $400 per hour.  DE 181 at 5–6; DE 163 at 10 ("Plaintiff also cites cases within the Sothern District of Florida where Judges have found $400 to be a reasonable hourly rate for her counsel.").  The Court has considered that caselaw, as well as Attorney Kozolchyk's qualifications, experience, skill level, and reputation.  The Court has considered other instances in which Attorney Kozolchyk has appeared before it and has considered the issues in this particular case.  The Court's opinion about Attorney Kozolchyk's reasonable hourly rate is unchanged.  The Court recommends $375 as a reasonable hourly rate for Attorney Kozolchyk.

Attorney Cuthbertson has a background in the financial industry but is relatively new to the practice of law. *See* DE 181 at 6–8 (describing Attorney Cuthbertson's experience); *Forbes v. Britt's Bow Wow Boutique, Inc.*, No. 23-cv-23216, 2025 WL 634389, at *3 (S.D. Fla. Feb. 27, 2025) ("At the time of [the September 2024] trial, Mr. Cuthbertson had been practicing law for approximately two and a half [] months."), *appeal filed*, No. 25-10966 (11th Cir. Mar. 21, 2025); *id.* at *3 n.3 (indicating that Attorney Cuthbertson celebrated his one-year anniversary as a licensed attorney in July 2025). In February of this year, a Judge of the Southern District of Florida awarded Attorney Cuthbertson fees at a rate of $200 per hour. *Forbes*, 2025 WL 634389, at *3 ("The Court finds $200 per hour is the reasonable and appropriate rate for Cuthbertson's services."). This Court previously has awarded Attorney Cuthbertson fees at a rate of $250 per hour. *Leon*, 2025 WL 746846, at *3.

The Court has considered Attorney Cuthbertson's qualifications and experience, the work he performed in this case, and other instances in which he has appeared before the Court. The Court appreciates that Attorney Cuthbertson's experience in the financial industry included complex financial analysis and negotiations. But that background does not support an increased fee in this case, where the work he performed does not appear to have involved financial analysis or negotiations. *See* DE 181-1 at 2–3 (billing entries). The conclusion that this Court made in *Leon* about Attorney Cuthbertson's reasonable hourly rate is unchanged. The Court recommends $250 as a reasonable hourly rate for Attorney Cuthbertson.

### B. Hours Reasonably Expended

In determining the number of hours reasonably expended, a court should exclude excessive, redundant, and unnecessary hours. *Norman*, 836 F.2d at 1301. Attorney Cuthbertson billed 0.9 hours between September 17 and October 22, 2024, for work related to a motion for

6

extension of time and a motion for leave to file out of time. DE 181-1 at 2. The Court has already ruled in this case that it is unreasonable to require Defendants to pay fees associated with extensions that Plaintiff and her counsel required. DE 163 at 17 (Report and Recommendation); DE 165 (Order approving Report and Recommendation). The Court recommends that Plaintiff be denied fees for 0.9 hours that Attorney Cuthbertson billed related to requests for extensions.

The bulk of the work at the appellate level was reviewing transcripts in preparation for briefing and drafting Plaintiff's briefs. *See* DE 181-1 at 2. Attorney Kozolchyk billed 25 hours to review transcripts that included the transcripts from four days of trial. *Id.* Defendants argue that Plaintiff should not be awarded fees for "hours [spent] to read the trial transcripts that Plaintiff did not even cite." DE 183 at 2. But the Court has reviewed Plaintiff's appellee brief in the appeal from the final judgment, and that brief extensively cites and quotes the trial transcripts. *See Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 23-14024, docket entry 46 (11th Cir. Oct. 22, 2024). It was reasonable for Attorney Kozolchyk to review the transcripts to locate the portions to cite and quote in the appellee brief. The Court does not recommend disallowing fees for the time spent for such review.

Attorney Kozolchyk billed 44.5 hours to draft Plaintiff's appellee brief in Defendants' appeal from the final judgment and billed 33.7 hours to draft Plaintiff's appellee brief in Defendants' appeal from the award of costs and attorney's fees.[1] DE 181-1 at 2. Defendants argue that the time Attorney Kozolchyk billed to draft the appellee brief in the appeal from the final

---

[1] Defendants contend that Attorney Kozolchyk's billing records do not make sense because they show that he spent "over 20 hours 'continuing' to draft the brief for two days BEFORE allegedly 'beginning' to draft the brief." DE 183 at 2. Defendants misread the billing records. The billing records reflect that Attorney Kozolchyk drafted two appellee briefs, one for each of the two appeals. DE 181-1 at 2. He began to draft the appellee brief for the appeal from the award of costs and attorney's fees after he had drafted the appellee brief for the appeal from the final judgment. *Id.* That is why an entry in the billing records shows that he "[b]egan drafting" (the appellee brief for the appeal from the award of costs and attorney's fees) after entries showing that he "[c]ontinued drafting" (the appellee brief from the final judgment). *Id.*

judgment is unreasonable because that appellee brief mirrored Plaintiff's response to Defendants' renewed motion for judgment as a matter of law.  Essentially, Defendants do not believe that it could have taken Attorney Kozolchyk much time to adapt the response to the renewed motion for judgment as a matter of law into the appellee brief.  The Court has carefully compared the response to the renewed motion for judgment as a matter of law and the appellee brief.  *Compare* DE 139 (response to renewed motion for judgment as a matter of law), *with Keefe*, No. 23-14024, docket entry 46 (appellee brief).  The appellee brief is considerably altered from the response to the renewed motion for judgment as a matter of law, containing pages of additions and modifications.  It was reasonable for Attorney Kozolchyk to spend significant time drafting the briefs for two appeals.  The Court does not recommend disallowing fees for the time spent for drafting the briefs.

Defendants make several arguments why Plaintiff should not be awarded any appellate fees whatsoever.  First, they argue that "Plaintiff has not filed anything showing that she is entitled to attorneys fees on appeal."  DE 183 at 3.  Defendants are incorrect.  Plaintiff's Motion for Supplemental Attorney's Fees includes all of the information required of a motion for attorney's fees under Local Rule 7.3(a).  Plaintiff has cited legal authority showing why she may recover reasonable attorney's fees: because she is the prevailing Plaintiff in an appeal in an FLSA action.  DE 181 at 2–4 (citing 29 U.S.C. § 216(b) and *Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1545 (11th Cir. 1988)).  She has explained her counsel's backgrounds and experiences and has substantiated her fee request with counsel's billing records.  DE 181 at 5–8; DE 181-1.  Plaintiff has provided sufficient information to show why she should be awarded fees and to enable the Court to evaluate the reasonableness of her fee request.

Next, Defendants argue that the Court already has awarded Plaintiff a significant amount in attorney's fees.  The Court's prior fee award was for counsel's work on the case at the District

Court level.  *See* DE 163 (Report and Recommendation); DE 165 (Order approving Report and Recommendation).  It was reasonable for counsel to devote additional time to the case after Defendants filed two appeals.  And again, Plaintiff has cited legal authority showing that, having prevailed on appeal, she may recover reasonable fees for the appeals.  DE 181 at 2–4.  Defendants have cited no authority for a proposition that an award of fees for work at the District Court level precludes an additional award of fees for work at the appellate level.  The Court may award reasonable appellate fees notwithstanding the prior fee award.

Defendants also argue that the fees Plaintiff seeks are patently unreasonable and grossly inflated, justifying a denial of any fees.  In its analysis above, the Court has reviewed Plaintiff's fee request and has recommended disallowing the fees that are unreasonable or that Plaintiff did not seek in a timely manner.  The Court does not recommend disallowing fees entirely because some of the fees sought are unreasonable.

The Court recommends that Plaintiff's Motion for Supplemental Attorney's Fees [DE 181] be granted in part and denied in part and that Plaintiff be awarded $43,012.50 in attorney's fees.  This amount is based on a reasonable hourly rate of $375 for Attorney Kozolchyk and $250 for Attorney Cuthbertson.  This amount compensates Plaintiff for 110.7 hours of work Attorney Kozolchyk performed and 6 hours of work Attorney Cuthbertson performed.  The total 137.2 hours of work reflected in counsel's billing records has been reduced by 19.6 hours of work for which Plaintiff did not timely seek attorney's fees and by 0.9 hours of work related to requests for extensions.

Finally, Plaintiff asks that the Court rule that she may recover fees and costs associated with any collection efforts.  Plaintiff does not maintain that she has made any collection efforts, and so relief with respect to collection is premature.  The Court does not recommend any ruling or

9

relief with respect to collection. *See* DE 163 at 19 ("Any relief with respect to collection is premature. Plaintiff may seek fees and costs for collection should the need arise in the future. . . . The Court recommends that no warning, conclusion, or ruling concerning collection be included at this juncture."); DE 165 (Order approving Report and Recommendation).

### IV.     Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Supplemental Costs [DE 177] be **GRANTED** and that Plaintiff be awarded $383.15 in costs. The Court further recommends that Plaintiff's Motion for Supplemental Attorney's Fees [DE 181] be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be awarded $43,012.50 in attorney's fees.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 17th day of November, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE